IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CV-144-FL

| | |
|---|---|
| BETTIE M. BRITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge David W. Daniel (DE # 17), regarding the parties' cross-motions for judgment on the pleadings (DE ## 10, 15). The magistrate judge recommended the court deny plaintiff's motion, grant defendant's motion, and uphold the final decision of the Commissioner of Social Security. Plaintiff filed objections to the M&R, and defendant did not respond. For the reasons that follow, the court adopts the M&R in part, and remands this case to the Commissioner for further proceedings.

BACKGROUND

Plaintiff filed an application for disability insurance benefits on June 14, 2002, alleging a disability onset date of March 1, 2001, due to back and leg pain caused by degenerative disc disease. The claim was denied initially and upon reconsideration. On July 1, 2004, an administrative law judge ("ALJ") conducted a hearing on plaintiff's claim, and on July 23, 2004, issued a decision denying the claim. The Appeals Council denied review on December 20, 2005, making the ALJ's decision the final decision of the Commissioner. Plaintiff requested review of the Commissioner's

decision pursuant to 42 U.S.C. § 405(g), by complaint filed March 29, 2006. Plaintiff later filed another disability application, and was found to be disabled from July 24, 2004. (See Gov'ts Mem. at 11-12.)

DISCUSSION

**A.      Standard of Review**

The court's "primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. In reviewing for substantial evidence, [the court] does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). But judicial review of administrative decision-making does not end there: "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman, 829 F.2d at 517. Thus, it is the district court's duty to determine both whether the Commissioner's findings are "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The district court conducts a *de novo* review of those portions of a magistrate judge's memorandum and recommendation to which specific objections are filed. See 28 U.S.C. § 636(b); Local Civil Rule 72.4(b), EDNC. Those portions of the memorandum and recommendation to which only general or conclusory objections are lodged may be affirmed by the district court unless clearly erroneous or contrary to law. See Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful

2

review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## B.    ALJ's findings

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. See 20 C.F.R. §§ 404.1520 and 416.920. At step one, the ALJ found plaintiff had not engaged in substantial gainful activity during the period in question. At step two, the ALJ found plaintiff's degenerative disc disease was a severe impairment. However, at step three the ALJ found plaintiff's impairments, or combination of impairments, did not meet or medically equal any listed impairment. Next, the ALJ found plaintiff's residual functional capacity ("RFC") permitted a wide range of sedentary work. Specifically, plaintiff could occasionally lift and carry up to ten (10) pounds; sit for six hours in an eight hour day; stand and walk at least two hours in an eight hour day; use her arms and hands for grasping, holding, and turning objects; and occasionally bend and stoop. (Tr. at 21.) In the process of determining plaintiff's RFC, the ALJ "conclude[d] that the claimant's subjective complaints [of pain] are not fully credible." (Id. at 20.) Based on these findings and plaintiff's testimony regarding the exertional demands of her past relevant work ("PRW") as a secretary and bookkeeper, the ALJ found at step four that plaintiff could return to her PRW, and thus was not disabled. (Id.) Accordingly, the ALJ did not reach step five of the sequential analysis.

In her motion, plaintiff challenges the ALJ's determination at step three that her impairment(s) did not meet or exceed any listed impairment.[1] The magistrate judge considered this issue, and recommended affirmation of the ALJ's determination that plaintiff's impairment(s) did

---

[1] Plaintiff does not challenge the step one and step two findings.

3

not meet Listing 1.04. Plaintiff did not object to this aspect of the M&R, and, after review, the court will adopt the magistrate judge's recommendation.

The court declines to engage in further recitation of plaintiff's medical history, nor further examine the evidence of record, because the question now pending is not whether substantial evidence supports the ALJ's decision, but rather whether the ALJ properly applied relevant law after step three. It appears the ALJ failed to apply relevant law, specifically the two-step analysis required when evaluating the credibility of subjective complaints of pain. See Craig, 76 F.3d at 591-96; 20 C.F.R. § 416.929. Accordingly, the decision of the Commissioner must be reversed, and this case remanded for further proceedings.

## C. Craig test

In Craig, the Fourth Circuit set out a two-step analysis the ALJ must apply when assessing the credibility of subjective complaints of pain. Both steps must be satisfied in a claimant's favor for pain to be considered disabling. At step one, the ALJ determines whether there exists sufficient "objective medical evidence showing the existence of medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and *which could reasonably be expected to produce the pain or other symptoms alleged*," in the amount and degree alleged. Craig, 76 F.3d at 594 (quoting 20 C.F.R. §§ 416.929(b) and 404.1529(b)) (emphasis in original).

If this threshold requirement is satisfied, the ALJ then proceeds to step two. At step two, the ALJ "evaluate[s] the intensity and persistence of that pain and the extent to which it limits claimant's ability to work." Gavigan v. Barnhart, 261 F. Supp. 2d 334, 339 (D. Md. 2003) (remanding case where ALJ failed to adequately complete step one of the Craig test). The step two analysis takes into account "all available evidence," including plaintiff's statements about her pain, medical history,

4

medical signs, laboratory findings, any objective medical evidence of pain, evidence of plaintiff's daily activities, specific descriptions of the pain, any medical treatment taken to alleviate the pain, and "any other evidence relevant to the severity of the impairment." Craig, 76 F.3d at 595. Objective evidence of pain is not required for entitlement to benefits, although it is appropriately considered where it appears in the record. See id. at 595-96.

In this case, the ALJ recited his compliance with relevant administrative regulations and caselaw, and quoted at length the general test for evaluating subjective complaints of pain, as set out in Hyatt v. Sullivan, 899 F.2d 329 (4th Cir. 1990).[2] However, the ALJ failed to perform step one of the Craig test, instead skipping to the second step. At step two, the ALJ first noted he did "not require[] the presence of objective medical evidence in determining the intensity, severity, degree or functional effect of the pain and other symptoms alleged." (Tr. at 20.) He proceeded to consider several pieces of evidence relevant to the step two analysis, and determined plaintiff's complaints of pain were not credible, at least to the extent plaintiff claimed a disabling level of pain. Thus, despite the failure to perform the step one analysis, the ALJ found plaintiff did not satisfy step two.

Reversal and remand are necessitated in this case by the ALJ's failure to perform the step one analysis. In Craig a similar omission occurred, and the Fourth Circuit remanded the case without considering whether substantial evidence supported the step two determination. This action was

---

[2] The quotation reads in full: "[o]nce an underlying physical or mental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence. If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability. Objective medical evidence of pain, its intensity or degree (i.e., manifestations of the functional effects of pain such as deteriorating nerve or muscle tissue, muscle spasm, or sensory or motory disruption), if available, should be obtained and considered. Because pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative." Hyatt, 899 F.2d at 337.

warranted because "[i]f the ALJ concludes that [the claimaint] does [satisfy step one], *then, and only then*, should it undertake an assessment into the credibility of [the claimant's] subjective claims of pain." Craig, 76 F.3d at 596 (emphasis added). The rule is clear. Failure to perform the step one analysis is not harmless error, nor a waste of judicial and administrative resources, even when there is a negative finding at step two. See Hill v. Comm'r of Soc. Sec., 49 F. Supp. 2d 865, 868-70 (S.D. W. Va. 1999) (remanding case for failure to complete step one of the Craig test); see also Bradley v. Barnhart, 463 F. Supp. 2d 577, 581-82 (S.D. W. Va. 2006) (remanding case for failure to complete step one of the Craig test, and to permit ALJ to consider additional evidence); Gavigan, 261 F. Supp. 2d at 340. Nor can any answer at step one be considered implicit in the ALJ's proceeding to step two, because Craig requires the ALJ "*expressly* consider the threshold question." Craig, 76 F.3d at 596 (emphasis added); see also Hill, 49 F. Supp. 2d at 870.

On remand, the ALJ shall properly apply the Craig test in analyzing the credibility of plaintiff's subjective allegations of pain. While the ALJ is correct that objective evidence cannot be required at step two, if that step is reached then the ALJ should consider all relevant evidence of record, including objective evidence. See Bradley, 463 F .Supp. 2d at 582 (noting "the supporting findings [on step one] may shed some light on the credibility of [the claimant's] subjective claims of disabling claims").

Before concluding, the court takes note of this case's procedural posture. Plaintiff raised several issues in her motion for judgment on the pleadings, but not specifically the ALJ's failure to comply with Craig. Instead, plaintiff generally argued, without citation to any authority, that the ALJ "disregard[ed] the medical record" when "he found that 'the claimant's limitations [from pain] are subjective.'" (Def.'s Mem. at 7 (quoting Tr. at 21).) Defendant addressed no arguments to the Craig

6

test, and the magistrate judge did not consider the specific issue. In fact, plaintiff did not cite Craig until objecting to the M&R, in a few sentences and footnotes. (See Pl.'s Obj. at 9.) The government had the opportunity to respond to the objection, but declined to do so. Because the ALJ committed legal error, this case must be remanded; nonetheless, the process would have benefitted from all arguments being made *in full* in the initial motions which were referred to the magistrate judge.

While the court now declines to adopt the M&R in full, it does so without considering the magistrate judge's findings regarding whether substantial evidence and the law support other findings made by the ALJ. Nor does the court consider plaintiff's other objections, including the allegations that the Appeals Council erred in determining that evidence submitted after the ALJ's decision did not warrant further proceedings before the Commissioner, and that plaintiff's RFC should have included a sit/stand option.

## CONCLUSION

After careful review, the court adopts in part the recommendation (DE # 17) of the magistrate judge, as discussed above. For the other reasons appearing herein, plaintiff's motion for judgment on the pleadings (DE # 10) is GRANTED in part, to the extent it requests remand of this case to the Commissioner, and defendant's motion for judgment on the pleadings (DE # 15) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), this case is hereby REMANDED to the Commissioner for further proceedings in accordance with Craig v. Chater, 76 F.3d 585 (4th Cir. 1996) and not inconsistent with this order. The Clerk is directed to close this case.

SO ORDERED, this the 23rd day of June, 2007.

LOUISE W. FLANAGAN
Chief United States District Judge

7